1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2 |   Including Professional Corporations
RYAN D. MCCORTNEY, Cal. Bar No. 132194
3 | rmccortney@sheppardmullin.com
RICHARD J. SIMMONS, Cal. Bar No. 72666
4 | rsimmons@sheppardmullin.com
MATTHEW M. SONNE, Cal. Bar No. 239110
5 | msonne@sheppardmullin.com
650 Town Center Drive, 4th Floor
6 | Costa Mesa, California  92626-1993
Telephone:  714-513-5100
7 | Facsimile:   714-513-5130

8 | Attorneys for Defendant
TRS STAFFING SOLUTIONS, INC.

9 |

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

12 | **SACV09-835 JVS(MLGX)**

| | |
|---|---|
| 13 WILLIAM A. GEORGE, individually and on behalf of other persons similarly 14 situated, | Case No. |
| | [State Court Case No.:  30-2009-00276652] |
| 15          Plaintiffs, | |
| | Complaint Filed: |
| 16   v. | |
| 17 TRS STAFFING SOLUTIONS, INC; and DOES 1 through 50, | **DEFENDANT TRS STAFFING SOLUTIONS, INC.'S NOTICE OF REMOVAL OF ACTION** |
| 18         Defendants. | **PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |
| 19 | |
| 20 | [Notice of Interested Parties filed concurrently herewith pursuant to Local Rule 7.1-1] |
| 21 | |

22 | TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT

23 | FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION,

24 | AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

25 |

26 |     PLEASE TAKE NOTICE that Defendant TRS Staffing Solutions, Inc.

27 | ("TRS" or "Defendant") hereby removes to this Court the state court action currently

28 | pending in the Superior Court of the State of California for the County of Orange,

-1-

| W02-WEST:NAG\401655638.1 | DEFENDANT TRS STAFFING SOLUTIONS, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. ss 1332, 1441, AND 1446 |

1  Case No. 30-2009-00276652, based on diversity jurisdiction pursuant to 28 U.S.C.

2  §§ 1332, 1441 and 1446.  The following is a short and plain statement of the

3  grounds for removal and a listing of pleadings to date.

4

5  ## THE STATE COURT ACTION

6      1.     On June 15, 2009, Plaintiff William A. George ("Plaintiff")

7  commenced a lawsuit in Orange County Superior Court entitled, <u>WILLIAM A.</u>

8  <u>GEORGE, individually and on behalf of other persons similarly situated, Plaintiffs,</u>

9  <u>TRS STAFFING SOLUTIONS, INC; and DOES 1 through 50, Defendants</u>, Case

10 No. 30-2009-00276652 (hereinafter the "State Court Action").  TRS never received,

11 by service or otherwise, a copy of the original complaint in the State Court Action.

12 On June 17, 2009, Plaintiff filed a First Amended Complaint in the State Court

13 Action.  On June 19, 2009, Plaintiff served the First Amended Complaint ("FAC")

14 on TRS.  A true and correct copy of the Summons and First Amended Complaint are

15 attached hereto as Exhibit A.

16

17     2.     Defendant has filed this Notice pursuant to 28 U.S.C. § 1446(b) in a

18 timely fashion, in that this Notice has been filed within 30 days of service of the

19 First Amended Complaint on Defendant.

20

21 ## THE PARTIES AND THEIR CITIZENSHIP

22

23     3.     Plaintiff William A. George was at the time the State Court Action was

24 commenced and is at the time of removal a citizen of the State of California.

25 Defendant TRS was at the time the State Court Action was commenced and is at the

26 time of removal a corporation organized under the laws of the State of South

27 Carolina with its principal place of business located in Greenville, South Carolina.

28 Thus, TRS is a citizen of the State of South Carolina for purposes of diversity

-2-

jurisdiction, and is not a citizen of California.  <u>See</u> 28 U.S.C. § 1332(c).  As such, complete diversity of citizenship exists in that Plaintiff is a citizen of the State of California and Defendant TRS is a citizen of the State of South Carolina.

## **JOINDER NOT NECESSARY**

4.     Since Defendant TRS is the only named defendant in the First Amended Complaint and the citizenship of defendants sued under fictitious names is disregarded for purposes of removal pursuant to 28 U.S.C. § 1441, there are no other defendants to join in this Notice of Removal.

## **REMOVAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")**

5.     The Class Action Fairness Act ("CAFA") amended the diversity jurisdiction statute, 28 U.S.C. § 1332, by adding provisions that give federal courts original jurisdiction over a "class action," as that term is defined under CAFA, where the following factors are met:

- the aggregate amount in controversy exceeds $5,000,000;
- any member of the plaintiff class is a citizen of a State different from any defendant or any member of the plaintiff class is a citizen or subject of a foreign state and any defendant is a citizen of a State ("minimal diversity");
- the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and
- the number of members of the plaintiff class is 100 or more.

28 U.S.C. § 1332(d)(2), (d)(5); <u>see also</u> <u>Hart v. FedEx Ground Package System, Inc.</u>, 457 F.3d 675, 679 (7th Cir. 2006).

DEFENDANT TRS STAFFING SOLUTIONS, INC.'S
NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. ss 1332, 1441, AND 1446

## Minimal Diversity

6.      As noted above, Defendant TRS is a citizen of the State of South Carolina, and Plaintiff is a citizen of the State of California.  Accordingly, the minimal diversity requirement of CAFA is satisfied because a member of the plaintiff class is a citizen of a state different from the defendant.  28 U.S.C. § 1332(d)(2)(A); see Davis v. Chase Bank U.S.A., 453 F.Supp.2d 1205, 1208 (C.D. Cal. 2006)(minimal diversity exists where named plaintiff and defendant are citizens of different states).

7.      The sole named Defendant, TRS, is not a state, state official, or other government entity "against whom the district court may be foreclosed from ordering relief."  See 28 U.S.C. § 1332(d)(5)(A).

## Class Size

8.      With respect to the CAFA requirement of numerosity, Plaintiff alleges that the class he seeks to represent consists of "[a]ll persons employed in California as hourly-paid employees by any Defendant at any time on or after June 16, 2005," and further alleges that the class consists of "several thousand people or more." FAC ¶¶ 9 and 11.  Therefore, the numerosity requirement for purposes of removal only is satisfied under CAFA.  28 U.S.C. § 1332(d)(5)(B).

## Amount in Controversy

9.      In the removal context, the assessment of whether the amount-in-controversy requirement is satisfied, "is not confined to the face of the complaint." Valdez v. Allstate Insurance Company, 372 F.3d 1115, 1117 (9th Cir. 2004).  The

-4-

1  appropriate measure of the jurisdictional amount in controversy is "the litigation
2  value of the case assuming that the allegations of the complaint are true and
3  assuming a jury returns a verdict for the plaintiff on all claims made in the
4  complaint." <u>Jackson v. American Bankers Insurance Co. of Florida</u>, 976 F. Supp.
5  1450, 1454 (S.D. Ala. 1997)(citing <u>Burns v. Windsor Insurance Co.</u>, 31 F.3d 1092,
6  1096 (11th Cir. 1994)).  The amount in controversy is not determined by "the low
7  end of an open-ended claim," but by "a reasonable reading of the value of the rights
8  being litigated." <u>Angus v. Shiley, Inc.</u>, 989 F.2d 142, 146 (3d Cir. 1993); <u>see also</u>
9  <u>Hart v. Washington State Apple Advertising Commission</u>, 432 U.S. 333, 347
10  (1977).  Moreover, when assessing the amount in controversy for purposes of
11  CAFA, the Senate Committee Report accompanying CAFA, S. Rep. No. 109-14,
12  makes clear that 28 U.S.C. § 1332(d) should be "interpreted expansively."  S. Rep.
13  No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.[1]

14

15      10.    Plaintiff's First Amended Complaint does not allege a specific amount
16  of monetary relief sought from Defendant TRS.  However, although TRS denies that
17  there is any basis in law or fact for the claims alleged in Plaintiff's First Amended
18  Complaint, the allegations therein make it clear that the aggregated amount **in**
19  **controversy** for the putative class exceeds $5,000,000 as demonstrated below. <u>See</u>
20  28 U.S.C. § 1332(d)(6) ("the claims of the individual class members shall be
21  aggregated to determine whether the matter in controversy the sum or value of
22  $5,000,000.").

23
24
25
26  [1]  As stated in the CAFA Senate Report, "if a federal court is uncertain about
whether 'all matters in controversy' in a purported class action 'do not in
27  aggregate exceed the sum or value of $5,000,000,' the court should err in favor
of exercising jurisdiction over the case." S. Rep. No. 109-14, at 42.
28

1      11.    Plaintiff's First Amended Complaint asserts three causes of action

2 against Defendant TRS for (1) alleged failure to pay putative class members

3 overtime wages for hours worked in excess of eight in a day and forty in a week

4 (FAC ¶¶ 18-24), (2) alleged violation of California Business & Professions Code

5 §§ 17200, et seq., (FAC ¶¶ 26-29), and (3) allege failure to provide putative class

6 members with accurate wage statements (FAC ¶¶ 31-33). In addition to seeking

7 overtime wages, Plaintiff seeks (1) penalties under California Labor Code § 203 for

8 the alleged failure to pay putative class members all wages due at the end of their

9 employment (FAC ¶¶ 22-23), (2) penalties under California Labor Code § 558 for

10 the alleged failure to pay overtime wages to putative class members (FAC ¶¶ 24),

11 and penalties under California Labor Code § 226 for the alleged failure to provide

12 putative class members with accurate wage statements (FAC ¶¶ 33). As

13 demonstrated below, any one of the foregoing penalty claims establishes that the

14 amount in controversy exceeds $5,000,000 in the aggregate, even excluding the

15 amount of overtime wages sought by Plaintiff on behalf of himself and the putative

16 class.

17

18      12.    Regarding the penalty claim under Labor Code § 203, Plaintiff alleges

19 that he and the putative class are "entitled to one day's wages for each day he or she

20 was not timely paid all [overtime] wages due, up to a maximum of 30 days' wages

21 for each employee." Plaintiff further alleges that "[b]ecause none of said employees

22 were ever paid the overtime wages to which they were entitled, each of said

23 employees is entitled to 30 days' wages." (FAC ¶ 23). Utilizing a bare minimum

24 calculation for a non-exempt employee in California working eight hours per day,

25 five days per week, the amount of thirty days' of wages for an employee earning

26 only the current California minimum wage of $8 per hour would equal $1,920 ($8/hr

27

28

1   x 8 hours per day x 30 days = $1,920).[2]  Multiplying $1,920 by "several thousand"

2   putative class members (see FAC ¶ 11) equals $7,680,000 ($1,920 x 4,000 =

3   $7,680,000).

4

5        13.    Labor Code § 558 provides that "Any employer . . . who violates, or

6   causes to be violated, a section this chapter or any provision regulating hours and

7   days of work in any order of the Industrial Welfare Commission shall be subject to a

8   civil penalty as follows:  (1) For any initial violation, fifty dollars ($50) for each

9   underpaid employee for each pay period for which the employee was underpaid in

10  addition to an amount sufficient to recover underpaid wages.  (2) For each

11  subsequent violation, one hundred dollars ($100) for each underpaid employee for

12  each pay period for which the employee was underpaid in addition to an amount

13  sufficient to recover underpaid wages."  In view of Plaintiff's allegations that none

14  of the putative class members "were ever paid the overtime wages to which they

15  were entitled" (FAC ¶ 23), and that the class consists of "several thousand" putative

16  class members (see FAC ¶ 11), the amount of penalties that Plaintiff seeks under

17  Labor Code § 558 would exceed $10,000,000 for twenty-six pay periods in one year

18  alone for "several thousand" putative class members ($50 penalty for initial pay

19  period + $100 penalty for each subsequent pay period x 25 pay periods x 4,000

20  putative class members = $10,200,000).

21

22       14.    Plaintiff alleges that "throughout the statute of limitations period

23  applicable to this cause of action, Defendants intentionally failed and continue to

24  fail to furnish to Plaintiff and the other Class Members, upon each payment of

25

26  [2]  Pursuant to the Industrial Welfare Commission's Wage Orders, the current
California minimum wage is $8 per hour.  Given that Plaintiff does not allege

27  any minimum wage violation in his First Amended Complaint, it is safe to
assume that the putative class was being paid at least the minimum wage.

28

-7-

wages, itemized statements accurately showing all items required by Labor Code section 226 . . . ." (FAC ¶ 31)  Plaintiff further alleges that "Plaintiff and the other Class Members are entitled to the amounts provided for in Labor Code section 226(e) . . . ." (FAC ¶ 33)  Labor Code § 226(e) provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) . . . ."  In view of the foregoing allegations and that the class allegedly consists of "several thousand" putative class members (see FAC ¶ 11), the amount of penalties that Plaintiff seeks under Labor Code § 226(e) would exceed $10,000,000 for twenty-six pay periods in one year alone for "several thousand" putative class members ($50 penalty for initial pay period + $100 penalty for each subsequent pay period x 25 pay periods x 4,000 putative class members = $10,200,000).

15.   In addition to penalties under Labor Code §§ 203, 558 and 226, Plaintiff also seeks overtime compensation (FAC ¶ 20), injunctive relief (FAC ¶ 28); and attorneys' fees (FAC ¶¶ 20 and 33).  Each of these additional items must also be weighed in determining the amount in controversy.  See Tropp v. Western-Southern Life Ins. Co., 381 F.3d 591, 595 (7th Cir. 2004)(amount in controversy includes "the cost of implementing the injunctive relief requested"); Guglielmino v. McKee Foods Corp., 509 F.3d 696, 700 (9th Cir. 2007)(amount in controversy includes attorneys' fees sought).

16.   Taking into account the aggregate penalties, overtime compensation, attorneys' fees, and the cost of complying with the injunctive relief Plaintiff seeks, it is clear that there is "a reasonable probability that the stakes exceed" $5,000,000.

-8-

1 | Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005).

2 | Accordingly, removal is proper. 28 U.S.C. § 1332(d).

3 |

4 | **CAFA Exceptions Are Not Applicable**

5 |

6 |      17.    While CAFA recognizes exceptions where this Court may or must

7 | decline jurisdiction despite the fact that the minimal diversity and the amount in

8 | controversy requirements of § 1332(d)(2) are satisfied, this case does not fall into

9 | either of the exceptions because Defendant TRS is not a citizen of California. See

10 | 28 U.S.C. §§ 1331(d)(3)(discretionary declination of jurisdiction limited to

11 | situations where "the primary defendants are citizens of the state where the action

12 | was originally filed") and 1331(d)(4)(A)(local controversy mandatory declination

13 | limited to where "at least one defendant is … a citizen of the State in which the class

14 | action was filed." See also 1331(d)(4)(B)(home state controversy mandatory

15 | declination limited to cases where "the primary defendants are citizens of the State

16 | in which the action was originally filed."). Additionally, Plaintiff shoulders the

17 | burden of establishing that any exception applies. Hart, 457 F.3d at 682 ("Our

18 | holding [is] that the plaintiff has the burden of persuasion on the question whether

19 | the home-state or local controversy exceptions apply.")

20 |

21 | **VENUE**

22 |     18.    Venue is proper in the Central District of California, Santa Ana

23 | Division, pursuant to 28 U.S.C. § 1441(a) because the county in which the State

24 | Court Action was pending is found within this District.

25 |

26 |

27 |

28 |

1    WHEREFORE, Defendant TRS removes the State Court Action

2    brought by Plaintiff in the Superior Court of the State of California for the County

3    of Orange from that Court to this Court.

4

5    Dated:  July 17, 2009

6                                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

7

8                                By

9                                        RYAN D. MCCORTNEY

10                                       Attorneys for Defendant
                                         TRS STAFFING SOLUTIONS, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-

DEFENDANT TRS STAFFING SOLUTIONS, INC.'S
NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. ss 1332, 1441, AND 1446

EXHIBIT "A"

# EXHIBIT "A"

Exhibit A

# SUMMONS
## (CITACION JUDICIAL)

ON FIRST AMENDED COMPLAINT

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TRS STAFFING SOLUTIONS, INC.; and DOES 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WILLIAM A. GEORGE, individually and on behalf of other persons similarly situated

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

**ELECTRONICALLY FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

## Jun 17 2009

ALAN CARLSON, Clerk of the Court
by J. HAINES

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* <br> Orange County Superior Court <br> 751 West Santa Ana Blvd. <br> Santa Ana, 92701 <br> Civil Complex Center | CASE NUMBER: *(Número del Caso):* 30-2009-00276652 <br><br> Judge Gail Andler <br> DEPT. CX 102 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ira Spiro (SBN 67641)                          310.235.2468    31.235.2456
SPIRO MOSS LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064

DATE:
*(Fecha)* June 17, 2009    ■ **ALAN CARLSON**    Clerk, by  J. Haines  , Deputy
*(Secretario)*                *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  TRS STAFFING SOLUTIONS, INC.

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*  6-19-09

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Exhibit A

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1  Ira Spiro - State Bar No. 67641
   Spiro Moss LLP
2  11377 W. Olympic Boulevard, 5th Floor
   Los Angeles, California 90064-1683
3  Tel. (310) 235-2468, Fax (310) 235-2456
   ira@spiromoss.com
4
   Richard J. (Rex) Burch
5        pro hac vice application pending
   Bruckner Burch PLLC
6  1415 Louisiana Street, Suite 2125
   Houston, Texas 77002
7  Tel. (713)877-8788,
   burch@brucknerburch.com,
8
   Attorneys for Plaintiff WILLIAM A. GEORGE
9

**ELECTRONICALLY FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**Jun  17 2009**

ALAN CARLSON, Clerk of the Court
by J. HAINES

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                    **COUNTY OF ORANGE**

12  WILLIAM A. GEORGE, individually and on        )   Case No.  30-2009-00276652
    behalf of other persons similarly situated,   )
13                                                 )   CLASS ACTION
                            Plaintiffs,            )
14                                                 )   Assigned to the Hon. Gail Andler
                                                   )   Dept. CX 102
15         vs.                                     )
                                                   )   **FIRST AMENDED COMPLAINT**
16                                                 )   **FOR DAMAGES,  RESTITUTION.**
    TRS STAFFING SOLUTIONS, INC;                   )   **AND INJUNCTION**
17  and DOES 1 through 50,                         )
                                                   )   1.     Failure to Pay Overtime Wages
18                          Defendants.            )
                                                   )   2.     Unfair Competition In Violation
19  _____           )          Of  Business. and Prof. Code
                                                   )          §17200
20
                                                       3.     Failure to Furnish Accurate
21                                                            Itemized Wage Statements, in
                                                              Violation of Labor Code § 226
22
                                                       **DEMAND FOR JURY TRIAL**
23

24

25

26

27

28

---

_____1_____
First Amended Complaint

Exhibit A

## INTRODUCTION AND CERTAIN DEFINITIONS

1.    This is a class action on behalf of current and former employees of defendant TRS STAFFING SOLUTIONS, INC,, and potentially other related defendants, to redress its failure to pay overtime wages and related violations of California wage laws.

## THE PARTIES

**Plaintiff**

2.    Plaintiff WILLIAM A. GEORGE was employed in California by Defendants for a period of time within the past three years, ending in December, 2007.  ("Defendants" are defined below.)

**Defendants**

3.    Defendant TRS STAFFING SOLUTIONS, INC (sometimes referred to as "TRS") is a corporation.

4.    Plaintiff is informed and believes and thereon alleges that at all times relevant to this action, named defendant TRS and defendants Does 1 through 50 were affiliated, and were an integrated enterprise.  Defendant TRS and Does 1 through 50 are referred to herein as "Defendants."

5.    Plaintiff is unaware of the true names of Defendants Does 1 through 50.  Said defendants are sued by said fictitious names.  The pleadings will be amended as necessary to obtain relief against defendants Does 1 through 50 when the true names and capacities are ascertained or when such facts pertaining to their liability are ascertained, or as permitted by law or by the Court.

6.    Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed plaintiff and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions.  Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

1    predecessor in interest of some or all of the other Defendants, and was engaged with some or all

2    of the other Defendants in a joint enterprise for profit, and bore such other relationships to some

3    or all of the other Defendants so as to be liable for their conduct with respect to the matters

4    alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted

5    pursuant to and within the scope of the relationships alleged above, that each Defendant knew or

6    should have known about, and authorized, ratified, adopted, approved, controlled, aided and

7    abetted the conduct of all other Defendants.

8         7.    The allegations in this pleading are made without any admission that, as to any

9    particular allegation, plaintiff bears the burden of pleading, proof, or persuasion. All rights to

10   plead in the alternative are reserved.

11

12                          **CLASS ACTION ALLEGATIONS**

13        8.    Plaintiff brings this action on behalf of himself and on behalf of the class of all

14   persons similarly situated, as more fully explained below. This action is brought and may

15   properly be maintained as a class action pursuant Code of Civil Procedure section 382 and other

16   applicable class action law.

17        9.    The proposed class Plaintiff seeks to represent, sometimes referred to herein as the

18   "Class Members," or the "class," is presently defined in the following CLASS DEFINITION:

19             **All persons employed in California as hourly-paid employees by any**

20             **Defendant at any time on or after June 16, 2005, who worked overtime hours**

21             **(more than eight in a day or more than 40 in a week or seven days in**

22             **workweek) but were not paid for those hours at the required California**

23             **overtime rates (time and a half or double time).**

24        10.   There is a well-defined **community of interest** in the litigation and the proposed

25   class is **easily ascertainable**.

26        11.   **Numerosity**: The class is so numerous that individual joinder of all members is

27   impracticable. While the exact number of class members is unknown at this time, Plaintiff is

28   informed and believes and thereon alleges that it is several thousand people or more.

---

12.     **Common Questions Predominate**:  Common questions of law and fact exist as to all class members, and predominate over any questions that affect only individual members of the class.  The common questions of law and fact include, but are not limited to:

a.      Whether Defendants have had and implemented policies and/or practices whereby they did not pay overtime wages to the Class Members for hours in excess of 8 in a day, and thus failed to pay such overtime wages.

b.      Whether Defendants have had and implemented policies and/or practices whereby they did not pay overtime wages to the Class Members for hours in excess of 40 in a week, and thus failed to pay such overtime wages.

c.      Whether Defendants had and implemented policies and/or practices as a result of which they failed to furnish to the Class Members, upon each payment of wages, accurate itemized statements required by California Labor Code section 226.

d.      Whether Defendants failed to have and implement policies and/or practices whereby they paid to the Class Members all wages due upon the cessation of their employment within the times required by California Labor Code sections 201 and 202, and thus failed to pay the final wages within said times.

e.      Whether Defendants are liable to the Class Members for the amounts provided for in California Labor Code section 203 for failure to pay all wages due upon the cessation of their employment within the times required by California Labor Code sections 201 and 202.

f.      Whether Defendants are liable to the Class Members for the amounts provided for in California Labor Code section 226(e) for failing to furnish to the class members, upon each payment of wages, accurate itemized statements required by Labor Code section 226.

g.      Whether Defendants, by their policies and/or practices referred to in this complaint committed unlawful business practices within the meaning of California Business & Professions Code sections 17200 *et. seq.*

1    h.    Whether Defendants, by their policies and/or practices referred to in this complaint

2          committed unfair business practices within the meaning of California Business &

3          Professions Code sections 17200 *et. seq.*

4    i.    Whether Defendants, by their policies and/or practices referred to in this complaint

5          committed fraudulent or deceptive business practices within the meaning of

6          California Business & Professions Code sections 17200 *et. seq.*

7    13.    **Typicality**: Plaintiff's claims are typical of the claims of the Class Members.

8    Plaintiff and the other class members sustained losses, injuries and damages arising out of

9    Defendants' common policies and/or practices referred to in this cause of action, which were

10   applied to the other class members as well as Plaintiff. Plaintiff seeks recoveries for the same

11   types of losses, injuries, and damages as were suffered by the other class members as well as

12   Plaintiff.

13   14.    **Adequacy**: Plaintiff is able fairly and adequately to protect the interests of all

14   members of the class. The attorneys for Plaintiff and the potential class are qualified and

15   competent and very experienced in wage and hour class action litigation. Plaintiff is not

16   disqualified by interests antagonistic to the remainder of the class.

17   15.    **Superiority**: A class action is superior to other available means for the fair and

18   efficient adjudication of this controversy. Individual joinder of all class members is impractical.

19   Class action treatment will permit a large number of similarly situated persons to prosecute their

20   common claims in a single forum simultaneously, efficiently, and without the unnecessary

21   duplication of effort and expense that numerous individual actions engender. Also, because the

22   losses, injuries and damages suffered by each of the individual class members are small in the

23   sense pertinent to class action analysis, the expenses and burden of individual litigation would

24   make it extremely difficult or impossible for the individual class members to redress the wrongs

25   done to them. On the other hand, important public interests will be served by addressing the

26   matter as a class action. The cost to the court system and the public of adjudication of individual

27   litigation and claims would be very substantial, and substantially more than if the claims are

28   treated as class action. Individual litigation and claims would also present the potential for

1   inconsistent or contradictory results.  The issues in this action can be decided by means of

2   common, classwide proof.  In addition, if appropriate, the court can, and is empowered to, fashion

3   methods to efficiently manage this action as a class action.

4        16.   **Public Policy Considerations**: Defendants and other employers throughout the

5   state violate wage and hour laws.  Their current employees are often afraid to assert their rights

6   out of fear of direct or indirect retaliation.  Their former employees are fearful of bringing claims

7   because doing so can harm their employment and future employment and future efforts to secure

8   employment.  Class actions provide class members who are not named in the complaint a degree

9   of anonymity that allows for vindication of their rights while eliminating these risks, or at least

10   enormously reducing them.

11

12   **FIRST CAUSE OF ACTION**

13   **(Against All Defendants for Failure to Pay Wages at Overtime Rates,**

14   **in Violation of Labor Code § 1194)**

15       17.   Paragraphs 1 through 16 above are incorporated here.

16       18.   Throughout the statute of limitations period applicable to this cause of action,

17   Plaintiff and the other Class Members very frequently worked, and continue to work in excess of

18   forty (40) hours per week and in excess of excess of eight (8) hours per day.

19       19.   Throughout the statute of limitations period applicable to this cause of action,

20   consistent with Defendants' policies and/or practices, Defendants did not pay, and continue not to

21   pay Plaintiff or the other Class Members at the required overtime rates for the overtime work

22   described in the preceding paragraph, in violation of the California Labor Code and Wage Order 1

23   of the California Industrial Welfare Commission.

24       20.   Pursuant to California Labor Code section 1194, Plaintiff and the other Class

25   Members are entitled to recover unpaid overtime compensation plus interest, plus  attorneys' fees

26   and costs.

27       21.   Plaintiff and many of the other Class Members quit or were discharged from their

28   employment within the statute of limitations period applicable to this cause of action, and others

1  will be.

2       22.     However, Defendants failed, and continue to fail to pay said employees, without

3  abatement, all wages (as defined by applicable California law) within the time required by Labor

4  Code sections 201 and 202.  Among other things, these employees were never paid any of the

5  overtime compensation referred to in this complaint.  Defendants' failure to pay said wages within

6  the required time was willful within the meaning of Labor Code section 203.

7       23.     Therefore, as additional relief and continuation wages for failure to pay overtime

8  wages, each of these employees is entitled to one day's wages for each day he or she was not

9  timely paid all said wages due, up to a maximum of 30 days' wages for each employee.  Because

10  none of said employees were ever paid the overtime wages to which they were entitled, each of

11  said employees is entitled to 30 days' wages.

12       24.     Defendants are also liable to plaintiff and the Class Members for the civil penalties

13  provided for in Labor Code § 558, because of the violations alleged in this cause of action.

14

15                       **SECOND CAUSE OF ACTION**

16                           **(Against All Defendants,**

17     **for Violation of California Business and Professions Code §§17200 *et seq.*)**

18       25.     All paragraphs above are incorporated here.

19       26.     Defendants' conduct described above constitutes unlawful business acts and

20  practices in violation of Business & Professions Code sections 17200 *et seq.*

21       27.     Pursuant to Business and Professions Code sections 17200 *et seq.*, for the statute of

22  limitations period covered by this cause of action, Plaintiff and the other Class Members are

23  entitled to restitution for at least the following: restitution for the unpaid overtime wages and

24  unpaid Labor Code § 203 continuation wages.

25       28.     Plaintiff and the other Class Members are also entitled to permanent injunctive and

26  declaratory relief prohibiting Defendants from engaging in the violations and other misconduct

27  referred to above.

28       29.     Defendants are also liable to pay attorneys' fees pursuant to Code of Civil

First Amended Complaint

Procedure section 1021.5 and other applicable law, and costs.

## THIRD CAUSE OF ACTION

### (Against All Defendants, for Failure to Furnish Itemized Statements,

### in Violation of California Labor Code § 226)

30.     Paragraphs 1 through 16 above are incorporated here.

31.     Throughout the statute of limitations period applicable to this cause of action, Defendants intentionally failed and continue to fail to furnish to Plaintiff and the other Class Members, upon each payment of wages, itemized statements accurately showing all items required by Labor Code section 226, subdivisions (1) through (9).

32.     Plaintiff and the other Class Members were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid overtime wages, even though they were so entitled, and because the failures hindered them from determining the amounts of regular and overtime wages owed to them.

33.     Plaintiff and the other Class Members are entitled to the amounts provided for in Labor Code section 226(e), plus costs and attorneys' fees.

## PRAYER

WHEREFORE, Plaintiff prays judgment for plaintiff and all others on whose behalf this suit is brought, against Defendants, jointly and severally, as follows:

a.     For such general, special and liquidated damages as may be appropriate, including all damages alleged above.

b.     For unpaid wages at overtime rates for all overtime work.

c.     For amounts under Labor Code § 203 for all Class Members no longer in Defendants' employ at the time of judgment.

d.     For the amounts provided for in Labor Code § 226(b).

e.     For restitution as described in the cause of action under Business. & Prof. Code §§17200 *et. seq.* above.

---

8

First Amended Complaint

1       f.     For pre-judgement interest.

2

3       g.     For permanent injunctive and declaratory relief described in the cause of action

4  under Business. & Prof. Code §§17200 *et. seq.* above.

5       h.     For such other relief as the Court deems just and proper.

6  June 17, 2009                       Spiro Moss LLP

7

8                                Ira Spiro

                              Attorneys for Plaintiff

9

10                    **DEMAND FOR JURY TRIAL**

11      Plaintiff demands trial by jury for plaintiff and all the Class Members on all issues so

12 triable.

13 June 17, 2009                       Spiro Moss LLP

14

15                               Ira Spiro

                              Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange; I am over the age of eighteen years and not a party to the within entitled action; my business address is 650 Town Center Drive, 4th Floor, Costa Mesa, California 92626-1993.

On **July 17, 2009**, I served the following document(s) described as: **(1) DEFENDANT TRS STAFFING SOLUTIONS, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446; (2) NOTICE OF INTERESTED PARTIES; and (3) CIVIL CASE COVER SHEET** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

> Ira Spiro, Esq.
> Spiro Moss LLP
> 11377 West Olympic Boulevard, 5th Floor
> Los Angeles, California 90064-1683
> Telephone: (310) 235-2468
> Facsimile: (310) 235-2456
> E-Mail: ira@spiromoss.com

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **July 17, 2009**, at Costa Mesa, California.

James Summers

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV09- 835 JVS (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>William A. George | **DEFENDANTS**<br>TRS Staffing Solutions, Inc. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Ira Spiro, Esq.<br>Spiro Moss LLP<br>11377 West Olympic Boulevard, 5th Floor<br>Los Angeles, California 90064-1683 | Attorneys (If Known)<br>Ryan D. McCortney, Cal. Bar No. 132194<br>Richard J. Simmons, Cal. Bar No. 72666<br>Matthew M. Sonne, Cal. Bar No. 239110<br>Sheppard, Mullin, Richter & Hampton LLP<br>650 Town Center Drive, 4th Floor<br>Costa Mesa, California 92626<br>Telephone:  (714) 513-5100  Facsimile (714) 513-5130 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** unspecified amount

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removal based on diversity jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**OR OFFICE USE ONLY:**   Case Number:   **SACV09-835 JVS(MLGX)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08) | **CIVIL COVER SHEET** | Page 1 of 2

American LegalNet, Inc.<br>www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | South Carolina |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Ryan D. McCarthy*   Date July 17, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc
www.FormsWorkflow.com

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange; I am over the age of eighteen years and not a party to the within entitled action; my business address is 650 Town Center Drive, 4th Floor, Costa Mesa, California 92626-1993.

On **July 17, 2009**, I served the following document(s) described as: **(1) DEFENDANT TRS STAFFING SOLUTIONS, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446; (2) NOTICE OF INTERESTED PARTIES; and (3) CIVIL CASE COVER SHEET** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Ira Spiro, Esq
Spiro Moss LLP
11377 West Olympic Boulevard, 5th Floor
Los Angeles, California 90064-1683
Telephone: (310) 235-2468
Facsimile: (310) 235-2456
E-Mail: ira@spiromoss.com

☒   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☒   **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **July 17, 2009**, at Costa Mesa, California.

_____
James Summers

PROOF OF SERVICE