SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RYAN D. MCCORTNEY, Cal. Bar No. 132194
rmccortney@sheppardmullin.com
RICHARD J. SIMMONS, Cal. Bar No. 72666
rsimmons@sheppardmullin.com
MATTHEW M. SONNE, Cal. Bar No. 239110
msonne@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:  714-513-5100
Facsimile:   714-513-5130

Attorneys for Defendant
TRS STAFFING SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| WILLIAM A. GEORGE, individually and on behalf of other persons similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>TRS STAFFING SOLUTIONS, INC; and DOES 1 through 50,<br><br>                    Defendants. | Case No. SACV09-835 JVS(MLGx)<br><br>Assigned to:  The Hon. James V. Selna<br>Ctrm:  10C<br><br>Removal Date:  July 17, 2009<br><br>REPLY OF DEFENDANT TRS STAFFING SOLUTIONS, INC. IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT<br><br>Hearing Date: September 14, 2009<br>Time:                1:30 p.m.<br>Courtroom:       10C |

# I.

# **INTRODUCTION**

In opposition to this motion, Plaintiff William George makes the very same arguments that this Court previously rejected in <u>Tomlinson v. Indymac Bank, F.S.B.</u>, 359 F. Supp. 2d 891 (C.D. Cal. 2005), which Plaintiff completely ignores. Since this Court decided <u>Tomlinson</u>, every reported decision addressing the issue that is the subject of this motion has ruled in favor of the employer. Most recently, the Court of Appeal in <u>Pineda v. Bank of America</u>, 170 Cal. App. 4th 388 (2009), <u>review granted</u> (Apr. 22, 2009), quoted from this Court's decision in <u>Tomlinson</u> as follows:[1]

> "As the court explained in <u>Tomlinson v. Indymac Bank, F.S.B.</u> (C.D. Cal. 2005) 359 F. Supp. 2d 891, 895, 'the remedy contained in Section 203 is a penalty because Section 203 does not merely compel [the employer] to restore the *status quo ante* by compensating Plaintiffs for the time they worked; rather, it acts as a penalty by punishing [the employer] for willfully withholding the wages and forces [the employer] to pay Plaintiffs an additional amount. This type of payment clearly is not restitutionary, and thus cannot be recovered under the UCL.'" <u>Pineda</u>, 170 Cal. App. 4th 388, 393-394.

As demonstrated below, each of Plaintiff's arguments in opposition to this motion have been previously rejected by numerous Courts in published decisions. Accordingly, Plaintiff's claim for "unpaid Labor Code § 203 continuation

---

[1] Plaintiff refers to the Court of Appeal in <u>Pineda v. Bank of America</u> in the opening paragraph of his opposition. (Opp., p. 1, lines 4-8).

wages" must be dismissed or stricken from the second cause of action because the remedy contained in Labor Code § 203 is a penalty that is not recoverable under the UCL.

## II.
## PLAINTIFF CANNOT RECOVER LABOR CODE SECTION 203 WAITING TIME PENALTIES UNDER THE UCL

A.   Statutory Penalties Do Not Qualify As A Restitutionary Remedy

The California Supreme Court and others consistently have recognized that a claim for statutory penalties does not seek restitution under the UCL. Kasky v. Nike, Inc., 27 Cal. 4th 939, 950 (2002) ("In a suit under the UCL, a public prosecutor may collect civil penalties, but a private plaintiff's remedies are 'generally limited to injunctive relief and restitution'"); Reese v. Wal-Mart Stores, Inc., 73 Cal. App. 4th 1225, 1240 n. 8 (1999) (under the UCL, providing restitution s]"). In rejecting the plaintiffs' argument in Tomlinson that private litigants can recover penalties under the UCL, this Court stated:

> "Not surprisingly, Plaintiff's argument is not supported by any legal authority. Indeed, the position asserted by Plaintiffs would directly contravene over a decade of California Supreme Court precedent that limits an individual's monetary relief under the UCL to restitution. Korea Supply Co., 29 Cal. 4th at 1144; Cortez, 23 Cal. 4th at 173, Kraus, 23 Cal. 4th at 126; Bank of the West, 2 Cal. 4th at 1266 [parallel citations omitted]. Plaintiff's' argument that these cases do not expressly preclude an individual from recovering penalties is belied by the clear, unequivocal language of the state's high court when it has

addressed the issue.  See, e.g., Kraus, 23 Cal. 4th at 126 [parallel citation omitted] ('[t]hrough the UCL a plaintiff may obtain restitution and/or injunctive relief . . .'); Korea Supply Co., 29 Cal. 4th at 1148 [parallel citation omitted] (explaining that, under the UCL, 'the Legislature did not intend to authorize courts to order monetary remedies other than restitution in an individual action.'").  Tomlinson, 359 F. Supp. 2d 891, 894.

Like Tomlinson, the Plaintiff's assertion in this case that the "Supreme Court has never held that statutory penalties cannot be recovered as restitution" is belied by the overwhelming legal authority cited above and elsewhere in this brief. (Opp., p. 7, lines 14-16).

B. <u>Employees Do Not Have An Ownership Or Vested Interest in Waiting-Time Penalties Under Labor Code Section 203</u>

Plaintiff also argues that he has an ownership interest in section 203 penalties which makes them recoverable under the UCL.  Again, the overwhelming authority is to the contrary.

The UCL expressly limits monetary relief to restitution:

"The court may make such orders or judgments . . . as may be necessary to ***restore*** to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203 (emphasis added).

Something that has not been taken cannot be restored. Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163, 177 (2000) (restitution is appropriate only for "money that once had been in the possession of the person to whom it [is] to be restored. The status quo ante to be achieved by the restitution order was to again place the victim in possession of the money."); Tomlinson, 359 F. Supp. 2d 891, 893 ("The goal of restitution is to restore the *status quo ante* as nearly as possible."). Although the restoration requirement does not mean that a plaintiff must have previously held the funds in his hands or bank account, a plaintiff needs more than hope or expectation of eventually obtaining them. He or she must have an ownership interest or vested right in the property. Kraus v. Trinity Mgmt. Servs., Inc., 23 Cal.4th 116, 126-27 (2000) ("persons in interest" means "persons who had an ownership interest in the property"); Tomlinson, 359 F. Supp. 2d 891, 893 ("[r]estitution is broad enough, however, to 'allow a plaintiff to recover money or property in which he or she [h]as a vested interest.'").

For example, in Cortez, the plaintiff sued for overtime under both the California Labor Code and section 17200, claiming that she was entitled to overtime wages as restitution. The Supreme Court held that restitution is available for earned wages because wages become the property of the employee in exchange for work performed. Cortez, 23 Cal. 4th at 178. However, the Supreme Court did not hold that penalties may constitute restitution or that restitution extends to any monies that potentially might come due or payable. In Cortez, restitution was proper only because the employer had wrongfully acquired something from the employee which was her labor, thus providing the employee a vested interest in the corollary wages when they were earned. Where there is no vested right or ownership interest, there can be no restitution.

As this Court stated in <u>Tomlinson</u>, waiting-time penalties under Labor Code § 203 do not "restore" to a plaintiff anything in which the plaintiff has a vested interest. Rather, such payments provide a penalty in addition to the wages that plaintiff actually earned:

> "[T]he remedy contained in Section 203 is a penalty because Section 203 does not merely compel [the employer] to restore the *status quo ante* by compensating Plaintiffs for the time they worked; rather, it acts as a penalty by punishing [the employer] for willfully withholding the wages and forces [the employer] to pay Plaintiffs an additional amount. This type of payment clearly is not restitutionary, and thus cannot be recovered under the UCL.'" <u>Tomlinson</u>, 359 F. Supp. 2d at 895.

All other decisions directly addressing the issue agree. See <u>Plata v. Darbun Enterprises, Inc.</u>, 2009 U.S. dist. Lexis 30626, at *10 n.8 (S.D. Cal. Apr. 9, 2009) ("[T]he language of Cal. Labor Code s 203 makes clear such additional wages are a penalty and not compensatory in nature"); <u>Villegas v. J.P. Morgan Chase & Co.</u>, 2009 U.S. Dist. Lexis 19265, at *16 (N.D. Cal. Mar. 6, 2009) ("'claims pursuant to Labor Code §§ 203 and 226 cannot support a § 17200 claim'"; motion to dismiss 17200 claims based on §§ 203 and 226 granted); <u>Rubin v. Wal-Mart Stores, Inc.</u>, 599 F. Supp. 2d 1176, 1179 (N.D. Cal. 2009) ("[N]either Section 203 nor Section 226 can provide a basis for a Section 17200 claim, given that both statutes provide for a penalty, rather than wages"; motion to dismiss granted); <u>Montecino v. Spherion Corp.</u>, 427 F. Supp. 2d 965, 967 (C.D. Cal. 2006) ("The Court finds that § 203 payments are clearly a penalty, and thus cannot be claimed pursuant to UCL"; motion to strike claim for penalties under UCL granted); <u>In re Wal-Mart Stores, Inc. Wage & Hour Lit.</u>, 505 F. Supp. 2d 609, 619 (N.D. Cal. 2007) (claims pursuant to section 203 cannot support a section 17200 claim; motion to dismiss granted).

1  C.  <u>The Right To Waiting-Time Penalties Does Not Vest Until After A
2      Successful Enforcement Action</u>

4  Finally, Plaintiff argues in his opposition that Plaintiff has a "vested" right in the waiting-time penalties he seeks for two reasons.  First, Plaintiff argues that his allegations "that Defendant willfully failed to pay his final wages in a timely manner and owed Plaintiff money under Section 203, simply cannot be challenged at this stage of the lawsuit" because they "are assumed to be true and must be deemed admitted."  (Opp., p. 9, lines 21 – p. 10, line 1).  And, second, "an argument that the viability of a cause of action depends on proof makes no sense."  (Opp., p. 10, lines 2-3).  Plaintiff confuses the rule for adjudicating motions to dismiss or to strike with the special requirements for UCL claims.

In order to state a UCL claim, the plaintiff must have more than a potentially valid claim.  The plaintiff must have a vested right or ownership interest in the property sought.  Section 203 penalties are not self-executing.[2]  In order to obtain a section 203 penalty, an employee must bring and then prevail in an enforcement action against the employer. <u>Murphy v. Kenneth Cole Productions, Inc.</u> 40 Cal. 4th 1094, 1108 (2007) ("The right to a penalty . . . does not vest until someone has taken action to enforce it") (citing <u>People v. Durbin</u>, 64 Cal. 2d 474, 479 (1966); <u>People v. One 1953 Buick 2-Door</u>, 57 Cal. 2d 358, 365-66 (1962) (same); <u>Anderson v. Byrnes</u>, 122 Cal. 272, 274 (1898) ("'[N]o person has a vested right in an unenforced penalty"); <u>County of San Bernardino v. Ranger Ins. Co.</u>, 34 Cal. App. 4th 1140, 1149 (1995) ("'A statutory remedy does not vest until final

---

[2] Plaintiff quotes from Orange County Superior Court Judge Velasquez, without any citation, for the proposition that the "right to the waiting time penalty is self-executing. . . ."  (Opp., p. 5, lines 5-14).  Not only is the foregoing not citable authority but it is contrary to the overwhelming published authority on this issue.

judgment'"). Since there is no vested right in section 203 penalties unless and until a successful enforcement action is brought, there can be no viable UCL claim for such penalties.[3]

### III.
### CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court grant this motion to dismiss or, in the alternative, to strike Plaintiff's claim for waiting time penalties from his second cause of action for violation of Section 17200.

Dated: September 4, 2009      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Ryan D. McCortney*
           RYAN D. MCCORTNEY

Attorneys for Defendant
TRS STAFFING SOLUTIONS, INC.

---

[3] Contrary to Plaintiff's assertion, the fact that <u>Cortez</u> permitted an action for unpaid wages under the UCL without requiring a finding of liability is irrelevant. An employee's right to wages becomes a vested property right when the wages are earned whereas an employee has no such vested right to section 203 penalties.