1  Ira Spiro - State Bar No. 67641
   Spiro Moss LLP
2  11377 W. Olympic Boulevard, 5th Floor
   Los Angeles, California 90064-1683
3  Tel. (310) 235-2468, Fax (310) 235-2456
   ira@spiromoss.com
4
   Richard J. (Rex) Burch
5  Bruckner Burch PLLC
   1415 Louisiana Street, Suite 2125
6  Houston, Texas 77002
   Tel. (713)877-8788,
7  burch@brucknerburch.com,
   pro hac vice application pending
8
   Attorneys for Plaintiff WILLIAM A. GEORGE
9

10            **UNITED STATES DISTRICT COURT**

11   **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

12  WILLIAM A. GEORGE, individually    )  Case No. SACV09-835 JVS(MLGX)
    and on behalf of other persons similarly )
13  situated,                           )  CLASS ACTION
                                        )
14                    Plaintiffs,       )  Assigned to Hon. James V. Selna
                                        )
15       vs.                            )  **PLAINTIFF'S EX PARTE**
                                        )  **APPLICATION FOR RELIEF**
16                                      )  **FROM LOCAL RULE 23-3 TIME**
                                        )  **TO FILE MOTION FOR CLASS**
17  TRS STAFFING SOLUTIONS, INC;        )  **CERTIFICATION**
    and DOES 1 through 50,              )
18                    Defendants.       )  [proposed] order filed concurrently
                                        )
19  _____ )

20

21

22

23

24

25

26

27

28

PLAINTIFF HEREBY APPLIES EX PARTE for relief from the requirement stated in Local Rule 23-3 for filing a motion for class certification within 90 days after service of the complaint, and an order that the deadline for filing the motion for class certification be set for March 31, 2009.

DEFENDANT HAS STIPULATED TO THE RELIEF SOUGHT, IN A STIPULATION ATTACHED HERETO AS EXHIBIT A. Based on the stipulation, plaintiff believes defendant will not oppose this ex parte application.

The application is on the grounds that good cause exists for relief from Local Rule 23-3, and the following grounds. Filing a class certification motion within 90 days after service of the complaint is not practicable, and under Federal Rules of Civil Procedure, Rule 23(c)(1)(A), the motion is to be filed at "an early practicable time." Plaintiff needs to conduct reasonable discovery prior to filing a motion for class certification, but enforcing Rule 23-3 would deprive plaintiff of the right to conduct the needed discovery.

This application is based on the attached Memorandum of Points and Authorities, Declaration of Ira Spiro, and stipulation, the proposed Order filed herewith, and such matters as may be presented by plaintiff hereafter.

This application is made ex parte because there is insufficient time to apply by way of a noticed motion and have the motion heard before the Local Rule 23-3 deadline. Plaintiff did not apply sooner because plaintiff did not receive defendant's signature on the stipulation until after 6 p.m. on Wednesday, September 16, 2009, and counsel for plaintiff was in mediation all day on September 16 and September 18.

September 21, 2009                     SPIRO MOSS, LLP

Ira Spiro
Attorneys for Plaintiff

Plaintiff's ex Parte App. for Extension of L.R. 23-3 Time to File Motion for Class Certification

## MEMORANDUM OF POINTS AND AUTHORITIES

The complaint in this case alleges a class action.  Local Rule 23-3 states that the motion for class certification is to be made within 90 days of service of the complaint, "unless otherwise ordered by the Court."  The complaint was filed on June 15, 2009, in the California Superior Court.  It was served on July 2, 2009.  Defendant filed a notice of removal on July 20, 2009.  It is only reasonable to commence the running of the Local Rule 23-3 time on the date of removal, July 20, 2009, the date the case became subject to the local rule.  Based on that date, the time to move for class certification under Local Rule 23-3 is October 19, 2009, unless relief from the rule is granted.  (90 days after July 20 is October 18, but October 18 is a Sunday.  Thus, pursuant to Federal Rules of Civil Procedure, Rule 6(a)(1)(C), the Local Rule 23-3 date is October 19.)

This putative class action seeks back overtime compensation for employees and former employees of defendant. and related relief under California Labor Code sections 203 and 226.  (Section 203 is the statute requiring that the final wage payment include all wages due, and Section 226 is the statute requiring accurate itemized wage statements).  Plaintiff's information is that the employees were paid at straight time rates for overtime hours.

The parties have already had their Federal Rules of Civil Procedure, Rule 26(f) meeting of counsel.  In the meeting, counsel for plaintiff informed counsel for defendant that the subjects on which plaintiff needs to conduct discovery, by way of interrogatories, requests for production, requests for admissions, and depositions, include the subjects indicated by the categories of documents set out immediately below.  Plaintiff has served a request for production of these documents.

**CATEGORY 1.**   The personnel files pertaining to Plaintiff that are or have been maintained by Defendant, and the contents of all such files.

(Pertinent to, among other things, plaintiff's adequacy as class representative.)

**CATEGORY 2.**   Documents (A) that were created by any employee working in any human resources, personnel, or like department or part of Defendant <u>and</u> (B) that mention or refer to Plaintiff.

**CATEGORY 3.**   Documents that set forth or contain (a) any evaluation of Plaintiff's performance as an employee, or (b) any discipline, warning, criticism, or negative job of or with respect to Plaintiff, or (c) any commendation, recognition, award, promotion, or positive job actions of or with respect to Plaintiff.

**CATEGORY 4.**   Documents in Defendant's possession or control that mention or refer to Plaintiff.

**CATEGORY 5.**   Documents that state any policy or practice of Defendant that mentions the retention, storage, destruction, or discarding of Documents, including paper and electronic documents and electronic data.

**CATEGORY 6.**   Documents that state any rule, policy, practice, procedure, routine, program, contract, agreement, term, or condition applicable during the statute of limitations period to any Putative class members that mentions or refers to <u>overtime pay</u>.

**CATEGORY 7.**   All Documents that set forth any <u>amount of overtime pay paid to Plaintiff</u> during the statute of limitations period, or that mention, refer to, or that evidence <u>how any such overtime pay was calculated</u>.

**CATEGORY 8.**   As to each employees in a random sampling of employees, all Documents that set forth any <u>amount of overtime pay paid to the employees in a random sampling of employees</u> during the Random sampling time period, or that mention, refer to, or evidences <u>how any such overtime pay was calculated</u>.

---

4

**CATEGORY 9.**   All Documents that mention, refer to, or evidence any <u>complaint or complaining</u> by any employee of Defendant (or to any department or employee of Defendant) if the complaint or complaining stated or contended that any hourly paid employee was not paid <u>overtime pay</u> or the proper <u>amount of overtime pay</u> during the statute of limitations period.

**CATEGORY 10.**  All <u>complaints and amended complaints in any and all lawsuits</u> against Defendant that allege that any hourly-paid employee was <u>not paid overtime pay or the proper amount of overtime pay</u> during the statute of limitations period.

**CATEGORY 11.**  All <u>claims and amended claims submitted to the California Division of Labor Standards Enforcement or the California Labor Commissioner</u>, in which it was contended or alleged that any hourly-paid employee was <u>not paid overtime pay or the proper amount of overtime pay</u> during the statute of limitations period, together with (A) all responses to the claim by the Defendant, and (B) all Documents that mention or refer to any such claim or amended claim or the proceedings on it, and (C) any decision in any such proceeding.

**CATEGORY 12.**  All Documents that state any rule, policy, practice, procedure, routine, program, contract, agreement, term, or condition applicable during the statute of limitations period to any Putative class member that mentions or refers to any <u>bonus, commission, or incentive pay</u>.

**CATEGORY 13.**  All Documents set forth the <u>amounts of any bonus or incentive pay</u> paid to any employees in a random sampling of employees during the Random sampling time period, or that set forth the periods of time for which the bonus, commission, or incentive pay was paid.

**CATEGORY 14.**  All Documents that state any rule, policy, practice, procedure, routine, or program that mentions or refers to the use of <u>any</u>

system that records work time of any Putative class members during the statute of limitations period.

**CATEGORY 15.** (a) All records made by any system, referred to in the immediately preceding paragraph, of the work time and/or hours worked of any employees in a random sampling of employees, and (b) all records made by any system, referred to in the immediately preceding paragraph, of the work time and/or hours worked, during the Random sampling time period, of any employees in a random sampling of employees.

**CATEGORY 16.** All Documents that set forth the number of hours, days, and/or weeks worked by Plaintiff.

**CATEGORY 17.** All Documents that set forth the number of the number of hours worked by any employees in a random sampling of employees on any one or more workdays during the Random sampling time period.

**CATEGORY 18.** As to each employee in a random sampling of employees, all Documents that set forth the number of hours, days, and/or weeks worked by the employees in a random sampling of employees during the Random sampling time period.

**CATEGORY 19.** As to each employee in a random sampling of employees, all Documents that set forth the number of hours worked by the employees in a random sampling of employees in any one or more workdays during the Random sampling time period.

**CATEGORY 20.** As to each employee in a random sampling of employees, all Documents that set forth the number of hours worked by the employees in a random sampling of employees in any one or more workweeks during the Random sampling time period.

**CATEGORY 21.** As to each employee\ in a random sampling of employees, all Documents that set forth the number of hours worked by the

employees in a random sampling of employees in any one or more pay periods during the Random sampling time period.

**CATEGORY 22.** All employee handbooks and employee manuals if, any time during the statute of limitations period: (A) Defendant caused a copy of it to be given or shown to Plaintiff or any Putative class member; or (B) Defendant considered it to be applicable to Plaintiff or any Putative class member.

**CATEGORY 23.** All Documents that state any rule, policy, practice, procedure, routine, agreement or program if, any time during the statute of limitations period, (A) Defendant caused a copy of it to be given or shown to Plaintiff or any Putative class member; or (B) Defendant considered it to be applicable to Plaintiff or any Putative class member.

**CATEGORY 24.** All Documents that state any term or condition of employment if, any time during the statute of limitations period: (A) Defendant caused a copy of it to be given or shown to Plaintiff or any Putative class member; or (B) Defendant considered it to be applicable to Plaintiff or any Putative class member.

**CATEGORY 25.** All Documents that mention or refer to any rule, policy, practice, procedure, routine, or program, stating or providing for how the working times, work start time, work end times, and/or unpaid break times of any Putative class members were or should be recorded, or kept track of during the statute of limitations period.

**CATEGORY 26.** All job descriptions applicable to the job positions held by the Putative class members during the statute of limitations period.

**CATEGORY 27.** All Documents that describe the job duties of the job positions held by the Putative class members during the statute of limitations period.

Plaintiff's ex Parte App. for Extension of L.R. 23-3 Time to File Motion for Class Certification

As stated in the declaration of counsel for plaintiff below, based his litigation of more than 60 class actions of this type, counsel believes plaintiff needs this discovery in order to move for class certification.  This document discovery, and interrogatories, requests for admissions, and depositions on the subjects of the document discovery, cannot be completed within the Local Rule 23-3 time period.

The Federal Judicial Center's 2005 and 2009 publications, "Managing Class Action Litigation: A Pocket Guide for Judges," recognize that in light of the 2003 amendments to Rule 23(c)(1) of the Federal Rules of Civil  Procedure, local rules imposing specific time limits for filing class certification motions "appear to be inconsistent with the federal rules and, as such, obsolete."  These publications can be found on the website of the Federal Judicial Center, www.fjc.gov.

The Manual for Complex Litigation (4th ed. 2004) similarly observes that local rules specifying a short period within which the plaintiff must file a motion for class  certification "may be inconsistent with Rule 23(c)(1)(A)'s emphasis on the parties' obligation to present the court with sufficient information to support an informed decision on certification.  Parties need sufficient time to develop an adequate record." (Manual, Section 21.133).  Section 21.11 of the Manual, discussing Initial Case Management Orders, therefore recommends that judges address the following matters at an early stage of the case prior to a hearing on class certification: whether to hear and determine threshold dispositive motions; whether to appoint interim class counsel; whether and how to obtain information about related cases; and whether any discovery is needed to decide whether to certify the proposed class.

//
//
//
//
//

Plaintiff's ex Parte App. for Extension of L.R. 23-3 Time to File Motion for Class Certification

1        For all the foregoing reasons, plaintiff requests that the Court grant thyis

2    application and order that the deadline for filing the motion for class certification

3    be set for March 31, 2009..

4    September 21, 2009                          SPIRO MOSS LLP

5

6                                       By:    _____

7                                              Ira Spiro
                                               Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's ex Parte App. for Extension of L.R. 23-3 Time to File Motion for Class Certification

## DECLARATION OF IRA SPIRO

I, Ira Spiro, declare as follows:

1.    I am a active member of the State Bar of California and a member of the bar of this Court. I am one of the attorneys for plaintiff in this case. Except as otherwise stated, this declaration is based on my personal knowledge.

2.    On August 28, 2009, I spoke by telephone with counsel for defendant, Ryan McCortney, and requested that defendant stipulate to extend the time for plaintiff to file a motion for class certification beyond the time specified in Local Rule 23-3. Mr. McCortney and I spoke and emailed about the subject several times thereafter, during which I prepared a stipulation for extension of the time and sent it to him. At 6:20 p.m. on Wednesday, September 16, 2009, my email inbox received an email from Mr. McCortney with his signature on the stipulation I had sent him. (I was in San Francisco in a mediation that entire day, and did not see the stipulation until the next day.) Attached hereto as Exhibit A is a true copy of the fully signed stipulation.

3.    On September 17, 2009, I started to prepare this ex parte application, but I did not have enough time to finish, principally because I had to prepare for a mediation in a different case to take place the next day, Friday, September 18, 2009. I was in that mediation all that day. I finished this application on Sunday, September 20, 2009, and emailed it to Mr. McCortney that day.

4.    I have been practicing law for more than 33 years. I have represented plaintiffs and classes (putative and certified) in more than 60 class actions, approximately, seeking relief under the laws governing wages and hours, both state and federal. In my opinion, plaintiff needs discovery on at least the subjects shown in the list of request for production categories above in order to move for class certification in this case. The discovery needs to be not only in the form of a request for production, but also interrogatories, requests for admissions, and one or more depositions. This discovery cannot be completed before the dates specified in

1  Local Rule 23-3, and as a practical matter it could not have been completed within
2  that time even if it had begun on the very day of removal.

3      5.      Based on the stipulation and my conversations with Mr. McCortney, I
4  believe defendant will not oppose this ex parte application.

5      I declare under penalty of perjury under the laws of the United States that the
6  foregoing is true and correct.  Executed September 21, 2009 at Los Angeles,
7  California.

Ira Spiro

Plaintiff's ex Parte App. for Extension of L.R. 23-3 Time to File Motion for Class Certification

# EXHIBIT A

Ira Spiro - State Bar No. 67641
Spiro Moss LLP
11377 W. Olympic Boulevard, 5th Floor
Los Angeles, California 90064-1683
Tel. (310) 235-2468, Fax (310) 235-2456
ira@spiromoss.com

Richard J. (Rex) Burch
     pro hac vice application pending
Bruckner Burch PLLC
1415 Louisiana Street, Suite 2125
Houston, Texas 77002
Tel. (713)877-8788,
burch@brucknerburch.com,

Attorneys for Plaintiff WILLIAM A. GEORGE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. GEORGE, individually and on behalf of other persons similarly situated,<br><br>               Plaintiffs,<br><br>vs.<br><br>TRS STAFFING SOLUTIONS, INC; and DOES 1 through 50,<br><br>               Defendants. | Case  SACV09-835 JVS (MSGx)<br><br>Assigned to Hon. James V. Selna<br><br>CLASS ACTION<br><br>**STIPULATION FOR EXTENSION OF LOCAL RULE 23-3 TIME FOR FILING MOTION FOR CLASS CERTIFICATION** |

1

## STIPULATION RE LOCAL RULE 23-3

2      At the request of plaintiff, defendant TRS Staffing Solutions, Inc, and

3  plaintiff William A. George, being all the parties of record in this case, stipulate

4  that the 90 day period for filing a motion for certification stated in Rule 23-3 of the

5  Local Rules of this Court shall be extended to March 31, 2010.

6      By entering into this stipulation, defendant does not indicate or imply that

7  class certification should be granted.

8

9  Dated: September ___, 2009          Spiro Moss LLP

10

11                                     Ira Spiro
                                       Attorneys for Plaintiff William A. George
12

13 Dated: September 16, 2009           Sheppard, Mullin, Richter & Hampton LLP

14

15                                     Ryan D. McCortney
                                       Attorneys for Defendant
16                                     TRS Staffing Solutions, Inc.

17

18

19

20

21

22

23

24

25

26

27

28