SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
RYAN D. MCCORTNEY, Cal. Bar No. 132194
rmccortney@sheppardmullin.com
RICHARD J. SIMMONS, Cal. Bar No. 72666
rsimmons@sheppardmullin.com
MATTHEW M. SONNE, Cal. Bar No. 239110
msonne@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:   714-513-5100
Facsimile:   714-513-5130

Attorneys for Defendant
TRS STAFFING SOLUTIONS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| WILLIAM A. GEORGE, individually and on behalf of other persons similarly situated,<br><br>              Plaintiffs,<br><br>         v.<br><br>TRS STAFFING SOLUTIONS, INC; and DOES 1 through 50,<br><br>              Defendants. | Case No. SACV09-835 JVS(MLGx)<br><br>Assigned to:  The Hon. James V. Selna<br>Ctrm:  10C<br><br>Removal Date:  July 17, 2009<br><br>ANSWER OF DEFENDANT TRS STAFFING SOLUTIONS, INC. TO FIRST AMENDED COMPLAINT |

          Defendant TRS Staffing Solutions, Inc.  ("Defendant") hereby answers

the allegations in the First Amended Complaint ("FAC") which was filed in Orange

County Superior Court and then subsequently removed to this Court.

          Defendant will not respond to the claim for waiting time penalties in

the Second Cause of Action for Violation of California Business and Profession

Code §§ 17200, *et seq.* since the Court granted Defendant's Motion to Dismiss that

claim pursuant to FRCP Rule 12(b)(6).

-1-

1            In addition, per the "Stipulation Regarding First Amended Complaint"

2    which was filed with the Court on September 25, 2009, the parties stipulated:  (1) to

3    strike paragraph 29 of the FAC which alleges attorneys' fees in the Second Cause of

4    Action for violation of California Business and Professions Code §§ 17200, *et seq.*,

5    without prejudice to Plaintiff later seeking attorneys' fees under the Second Cause of

6    Action at the appropriate time; and (2) to strike "liquidated damages" as referenced

7    in the Prayer for Relief on page 8, paragraph "a" of the FAC.  Accordingly,

8    Defendant will not respond to the foregoing allegations in its Answer.

9

10    <u>**ANSWER TO FIRST AMENDED COMPLAINT**</u>

11

12        1.    Defendant denies that it has violated any law alleged in

13    Paragraph 1 of the FAC, and further denies that Plaintiff has brought an appropriate

14    class action and that any proposed class should be certified.

15

16        2.    Defendant admits that Plaintiff was employed by Defendant but

17    denies that his employment ended in December 2007.

18

19        3.    Defendant admits that it is a corporation.

20

21        4.    Paragraph 4 contains boilerplate allegations and conclusions of

22    law to which no response is required; to the extent that a response is required,

23    Defendant denies the allegations in paragraph 4.

24

25        5.    Paragraph 5 contains boilerplate allegations and conclusions of

26    law to which no response is required; to the extent that a response is required,

27    Defendant denies the allegations in paragraph 5.

28

        DEFENDANT TRS STAFFING SOLUTIONS, INC.'S
        ANSWER TO FIRST AMENDED COMPLAINT

6.      Paragraph 6 contains boilerplate allegations and conclusions of law to which no response is required; to the extent that a response is required, Defendant denies the allegations in paragraph 6.

7.      Paragraph 7 contains boilerplate allegations and conclusions of law to which no response is required; to the extent that a response is required, Defendant denies the allegations in paragraph 7.

8.      Defendant admits that Plaintiff brings this action on behalf of himself and a proposed class as defined in paragraph 9.  Defendant denies that Plaintiff has brought an appropriate class action and that any proposed class should be certified.  Defendant denies any and all remaining allegations in paragraph 8.

9.      Defendant admits that Plaintiff brings this action on behalf of himself and a proposed class as defined in paragraph 9.  Defendant denies that Plaintiff has brought an appropriate class action and that any proposed class should be certified.  Defendant denies any and all remaining allegations in paragraph 9.

10.     Defendant denies the allegations in paragraph 10.

11.     Defendant denies the allegations in paragraph 11.

12.     Defendant denies the allegations in paragraph 12 and in subparagraphs "a" through "i".

13.     Defendant denies the allegations in paragraph 13.

14.     Defendant lacks sufficient knowledge or information at this time

-3-

DEFENDANT TRS STAFFING SOLUTIONS, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT

to form a belief as to whether "The attorneys for Plaintiff and the potential class are qualified and competent and very experienced in wage and hour class action litigation."  Defendant denies all other allegations in paragraph 14.

15.   Defendant denies the allegations in paragraph 15.

16.   Defendant denies the allegations in paragraph 16.

## ANSWER TO FIRST CAUSE OF ACTION

17.   Defendant hereby incorporates its response to the allegations in paragraphs 1 through 16, including any subparagraphs, of the FAC, as though fully set forth herein.

18.   Defendant denies the allegations in paragraph 18.

19.   Defendant denies the allegations in paragraph 19.

20.   Defendant denies the allegations in paragraph 20.

21.   Defendant lacks sufficient knowledge or information at this time to admit or deny the allegation in paragraph 21.

22.   Defendant denies the allegations in paragraph 22.

23.   Defendant denies the allegations in paragraph 23.

24.   Defendant denies the allegations in paragraph 24.

-4-

DEFENDANT TRS STAFFING SOLUTIONS, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT

## **ANSWER TO SECOND CAUSE OF ACTION**

25.     Defendant hereby incorporates its response to the allegations in paragraphs 1 through 24 including any subparagraphs, of the FAC, as though fully set forth herein.

26.     Defendant denies the allegations in paragraph 26.

27.     Defendant denies the allegations in paragraph 27.

28.     Defendant denies the allegations in paragraph 28

29.     Defendant denies the allegations in paragraph 29.

## **ANSWER TO THIRD CAUSE OF ACTION**

30.     Defendant hereby incorporates its response to the allegations in paragraphs 1 through 29, including any subparagraphs, of the FAC, as though fully set forth herein.

31.     Defendant denies the allegations in paragraph 31.

32.     Defendant denies the allegations in paragraph 32.

33.     Defendant denies the allegations in paragraph 33.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiff and any members of the putative class are entitled to any form of relief in this action and, based thereon, denies generally and specifically each and every allegation in the Prayer for Relief and subparagraphs "a" through "h" on pages 8 and 9 of the FAC.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.      Neither the FAC, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

2.      The FAC, and each purported cause of action alleged therein, is barred, in whole or in part, by the failure of Plaintiff and the putative class to exhaust available administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

(Primary Jurisdiction Doctrine)

3.      The FAC, and each purported cause of action alleged therein, should be abated in the Court's discretion, and Plaintiff and the putative class should be forced to pursue their administrative remedies with the California Division of Labor Standards Enforcement and/or other state administrative agencies which have primary jurisdiction over their claims.

1

FOURTH AFFIRMATIVE DEFENSE

2

(Lack of Standing)

3        4.     The FAC, and each purported cause of action alleged therein, is

4    barred because Plaintiff and the putative class lack standing to assert the claims

5    alleged therein.

6

7

FIFTH AFFIRMATIVE DEFENSE

8

(Setoff, Offset, Recoupment)

9        5.     Some or all of the purported causes of action in the FAC and the

10   claims of Plaintiff and/or the putative class members are subject to setoff, offset

11   and/or recoupment.

12

13

SIXTH AFFIRMATIVE DEFENSE

14

(Payment)

15       6.     The FAC, and each purported cause of action alleged therein, is

16   barred because Plaintiff and the putative class members been paid all wages due and

17   owed.

18

19

SEVENTH AFFIRMATIVE DEFENSE

20

(Failure to Pay Not Willful)

21       7.     Assuming *arguendo* there was any failure by Defendant to pay

22   Plaintiff or any putative class member all wages due, Defendant cannot be held

23   liable because the failure to pay was not willful.

24

25

EIGHTH AFFIRMATIVE DEFENSE

26

(Clerical Error)

27       8.     Any recovery assessed should be reduced in whole or in part

28   because any violation was inadvertent and/or due to a clerical error or inadvertent

-7-

1   mistake.

2

3                     <u>NINTH AFFIRMATIVE DEFENSE</u>

4                          (Estoppel)

5         9.     Plaintiff and the putative class are estoped by their conduct

6   from asserting the causes of action in the FAC.

7

8                     <u>TENTH AFFIRMATIVE DEFENSE</u>

9                         (Consent)

10        10.     The FAC, and each purported cause of action alleged therein, is

11   barred, in whole or in part, because of ratification, agreement, acquiescence or

12   consent by Plaintiff and/or the putative class members to Defendant's alleged

13   conduct.

14

15                   <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

16                   (Performance of Duties)

17        11.     Defendant has fully performed any and all statutory and other

18   duties owed to Plaintiff and the putative class members.  Plaintiff and the putative

19   class are therefore estopped to assert any claim for relief against Defendant.

20

21                   <u>TWELFTH AFFIRMATIVE DEFENSE</u>

22                   (Unclean Hands)

23        12.     By virtue of conduct by Plaintiff and/or putative class members,

24   they have unclean hands and are thereby barred from any relief in this action.

25

26

27

28

                  DEFENDANT TRS STAFFING SOLUTIONS, INC.'S
                                                  ANSWER TO FIRST AMENDED COMPLAINT

1          <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

2                 (Waiver)

3       13.    The FAC and each cause of action therein is barred by the

4 doctrine of waiver.

5

6          <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

7                (Excuse)

8       14.    Any performance required of Defendant was excused by virtue

9 of  the prior conduct of Plaintiff and/or the putative class members.

10

11          <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

12         (Statute of Limitations)

13       15.    Each and every cause of action in the FAC is barred, in whole or

14 in part, by applicable statutes of limitations, including California Civil Procedure

15 Code Sections 335.1, 337, 338, 339, 340, California Business & Professions Code

16 Section 17208 and any other statutes that may be found to apply.

17

18          <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

19               (Laches)

20       16.    Any recovery by Plaintiff or the putative class is barred, in whole

21 or in part, by the equitable doctrine of laches.

22

23         <u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

24            (Exemptions)

25       17.    The FAC, and each purported cause of action alleged therein, is

26 barred in whole or in part because Plaintiff and/or the putative class members were

27 not to entitled to overtime on grounds which include, but are not limited to, the

28 executive, administrative or professional exemptions under the FLSA and California

1  law.

2

3                         EIGHTEENTH AFFIRMATIVE DEFENSE

4                                 (Privilege)

5          18.     The FAC, and each and every cause of action asserted therein, is

6  barred for the reason that each and every act of Defendant was a good faith exercise

7  of Defendant's rights and, therefore, was privileged under the law.

8

9                         NINETEENTH AFFIRMATIVE DEFENSE

10                  (Comparative Fault/Bad Faith)

11         19.     Plaintiff and other persons and entities other than Defendant

12  have acted in bad faith with respect to the matters alleged in the Complaint and are

13  otherwise at fault.  By reason of Plaintiff's bad faith and comparative fault,

14  Plaintiff's right of recovery from Defendant, if any, should be reduced by that

15  amount which the negligence, bad faith and fault of persons and entities other than

16  Defendant, including Plaintiff, contributed to any damages.

17

18                        TWENTIETH AFFIRMATIVE DEFENSE

19                     (No Damages)

20         20.     Neither Plaintiff nor any putative class member has suffered any

21  damages as a result of any actions taken by Defendant or its agents and Plaintiff and

22  the putative class is therefore barred from asserting any cause of action against

23  Defendant.

24

25                    TWENTY-FIRST AFFIRMATIVE DEFENSE

26               (No Availability of Damages)

27         21.     Pursuant to Business & Professions Codes Section 17200, *et*

28  *seq*., neither Plaintiff nor the putative class is entitled to an award of damages.

                                                     DEFENDANT TRS STAFFING SOLUTIONS, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Speculative Damages)

22.     Neither Plaintiff nor the putative class can recover any of the damages alleged in the FAC because such damages, if any, are too speculative to be recoverable at law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

23.     Plaintiff and the putative class have failed to mitigate damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff or the putative class should be reduced accordingly.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Class Certifiable under FRCP Rule 23)

24.     The Complaint does not state facts sufficient to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure, and this action is not properly brought as a class action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Putative Members Not Similarly Situated)

25.     Plaintiff cannot maintain a representative or class action because he is not similarly situated with the putative class members.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Improper Class Representative)

26.     Plaintiff is not a proper representative of the class that Plaintiff purports to represent and, accordingly, this action is not properly brought as a class action.

W02-WEST:NAG\402243110.1

DEFENDANT TRS STAFFING SOLUTIONS, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Proper Representative Claims)

27.     None of the causes of action alleged in the Complaint are appropriate for resolution on a representative basis.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Equitable Relief)

28.     Plaintiff's demand for equitable and injunctive remedies is barred, in whole or in part, as monetary damages would provide an adequate remedy for any harm allegedly suffered by Plaintiff or the putative class.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Civil Penalties Unconstitutional – Due Process)

29.     The penalties sought in Plaintiff's FAC violate the Due Process Clauses of the United States and California Constitutions.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Excessive Fines Clause of the United States and California Constitutions)

30.     Defendant is informed and believes, and based upon such information and belief alleges, that any award of damages, penalties, restitution and/or disgorgement against Defendant would violate the Excessive Fines Clauses of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution) and Article I, Section 17 of the California Constitution.

-12-

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Taking)

31.     Defendant is informed and believes and based upon such information and belief alleges that any award of restitution and/or disgorgement against Defendant pursuant to Business and Professions Code section 17200, *et seq.* would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment of the United States Constitution) and Article I, Section 19 of the California Constitution.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(No Predicate Violation Of Law)

32.     Plaintiff cannot establish a predicate violation of law by Defendant sufficient to maintain a cause of action pursuant to Business and Professions Code section 17200, *et seq.*  Further, Plaintiff's claims for Violation of Business and Professions Code section 17200, *et seq.* are barred to the extent they are based upon the purported violation of a statute or regulation that is of purely regulatory import, or otherwise does not define "unlawful" conduct.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Lack of Specificity)

33.     Plaintiff's cause of action for unfair business practices in violation of California Business and Professions Code Section 17200 is barred because it fails to plead specific facts capable of stating a claim for unfair business practices.

-13-

THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Improper Delegation of Powers)

34.     To the extent that Plaintiff purports to seek relief pursuant to Business and Professions Code section 17200, *et seq.* on behalf of members of the general public, Defendant is informed and believes and based upon such information and belief allege that the Complaint seeks the application of the law of California in a manner that would improperly delegate the executive branch's prosecutorial power to private parties, in contravention of the separation of powers doctrine set forth in Article III, Section 3 of the California Constitution and Articles I-III of the United States Constitution, and would violate the provisions of Article V of the California Constitution and Article II of the United States Constitution which vest executive power in the executive branch, by authorizing private plaintiffs to purport to bring suit on behalf of the interests of the general public.

THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Improper Expansion of Judicial Powers)

35.     Defendant is informed and believes and based on such information and belief allege that the Complaint seeks to apply California Business and Professions Code Section 17200, *et seq.* in a manner that would impermissibly enlarge the powers of the judiciary, in contravention of the Due Process Clause of Article I, Section 7 of the California Constitution, and the Due Process and Equal Protection Clauses of the 14th Amendment of the United States Constitution, the separation of powers doctrine and the provisions of Article V of the California Constitution and Article III of the United States Constitution which vest judicial power in the judicial branch, and by purporting to expand the Court's jurisdiction to include the power to order a defendant to pay restitution for injuries allegedly suffered by non-parties.

-14-

DEFENDANT TRS STAFFING SOLUTIONS, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT

1

THIRTY-SIXTH AFFIRMATIVE DEFENSE

2

(No Attorneys' Fees)

3       36.        Plaintiff's purported causes of action fail to state facts sufficient

4   to entitle Plaintiff or the putative class to an award of attorneys' fees in any amount.

5

6

THIRTY-SEVENTH AFFIRMATIVE DEFENSE

7

(Defendant Entitled to Attorneys' Fees)

8       37.        Defendant is entitled to an award of attorneys' fees if it is the

9   prevailing party in this civil action.

10

11

THIRTY-EIGHTH AFFIRMATIVE DEFENSE

12

(After-Acquired Evidence)

13       38.        In the event that Defendant discovers any after-acquired

14   evidence, the claims of, or relief sought by, Plaintiff and/or the putative class would

15   be barred by the doctrine of after-acquired evidence.

16

17

THIRTY-NINTH AFFIRMATIVE DEFENSE

18

(Reservation of Right to Amend Answer)

19       39.        Defendant hereby gives notice that it intends to rely on such

20   other and further affirmative defenses as may become available during discovery in

21   this action and reserves the right to amend its answer to assert any such defense.

22

23       WHEREFORE, Defendant prays as follows:

24       1.      That Plaintiff and the putative class take nothing by the FAC and

25   that judgment be entered in favor of Defendant;

26

27       2.      That the relief sought by Plaintiff and the putative class in the

28   FAC be denied;

-15-

1         3.     That Defendant recover its attorneys' fees and costs incurred in

2  defending this action; and

3

4         4.     For such other and further relief as the Court deems proper.

5

6

7  Dated:  September 28, 2009    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

8

9                        By        */s/ Ryan D. McCortney*

10                              RYAN D. MCCORTNEY

11                       Attorneys for Defendant

12                  TRS STAFFING SOLUTIONS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-